1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                       EASTERN DISTRICT OF CALIFORNIA

10

11    JAMES BUSTAMANTE,                     1:11-cv-00336-GSA-PC

12                        Plaintiff,        <u>SCREENING ORDER</u>

13          v.                              ORDER DISMISSING THIS ACTION, WITH
                                            PREJUDICE, FOR FAILURE TO STATE A
14    R. LOPEZ,                             CLAIM UPON WHICH RELIEF MAY BE
                                            GRANTED PURSUANT TO SECTION 1983
15                                          (Doc. 1.)
                        Defendant.
16                                          ORDER FOR THIS DISMISSAL TO COUNT
                                            AS A STRIKE PURSUANT TO 28 U.S.C. §
17                                          1915(g)

18                                          ORDER FOR CLERK TO CLOSE CASE

19    _____/

20    **I.      BACKGROUND**

21          James Bustamante ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action

22    pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on February 28, 2011.  (Doc. 1.)  On March

23    11, 2011, Plaintiff consented to Magistrate Judge jurisdiction in this action, and no other parties have

24    made an appearance.  (Doc. 4.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the

25    Eastern District of California, the undersigned shall conduct any and all proceedings in the case until

26    such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

27          Plaintiff's Complaint is now before the Court for screening.

28    ///

                                              1

**II.   SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009).

**III.   SUMMARY OF COMPLAINT**

Plaintiff is presently incarcerated at Corcoran State Prison ("CSP") in Corcoran, California, in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  It appears from Plaintiff's allegations in the Complaint, along with the documents provided, that Plaintiff was sentenced on March 31, 1995 in Sacramento County Superior Court Case No. 93F00603, People of the State of California v. Bustamante, and was ordered to pay restitution in the amount of $8,000.00, pursuant to California Government Code § 13967(c).

In the Complaint, Plaintiff challenges the manner in which restitution is being collected from his prison trust account by the CDCR.  Plaintiff names CSP Warden R. Lopez as defendant and seeks to hold him liable for due process violations based on the Warden's responsibility to implement policies and to authorize his employees to deduct money from Plaintiff's prison trust account.  Plaintiff requests a determination by the Court whether the prison is authorized to deduct money from his trust account, under California Penal Code § 2085.5, to pay restitution, without evidence that any victims of his crime have sought or received any compensation from the California Victims Compensation and Government Claims Board ("VCGCB").

1    Plaintiff requests declarative and injunctive relief.

2    **IV.    PLAINTIFF'S CLAIMS**

3    The Civil Rights Act under which this action was filed provides:

4          Every person who, under color of [state law] . . . subjects, or causes
       to be subjected, any citizen of the United States . . . to the deprivation
5        of any rights, privileges, or immunities secured by the Constitution .
       . . shall be liable to the party injured in an action at law, suit in equity,
6        or other proper proceeding for redress.

7    42 U.S.C. § 1983. "Section 1983 . . .  creates a cause of action for violations of the federal

8    Constitution and laws." <u>Sweaney v. Ada County, Idaho</u>, 119 F.3d 1385, 1391 (9th Cir. 1997)

9    (internal quotations omitted).  "To the extent that the violation of a state law amounts to the

10   deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution,

11   Section 1983 offers no redress." <u>Id</u>.

12       To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under

13   color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal

14   law. <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person 'subjects'

15   another to the deprivation of a constitutional right, within the meaning of section 1983, if he does

16   an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is

17   legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>,

18   588 F.2d 740, 743 (9th Cir. 1978).  "The requisite causal connection can be established not only by

19   some kind of direct, personal participation in the deprivation, but also by setting in motion a series

20   of acts by others which the actors knows or reasonably should know would cause others to inflict

21   the constitutional injury." <u>Johnson</u> at 743-44).

22       **A.    <u>Defendant Warden Lopez - Supervisory Liability and Personal Participation</u>**

23       Plaintiff seeks to hold Warden R. Lopez liable in his capacity as a supervisor.  Liability may

24   not be imposed on supervisory personnel under the theory of <u>respondeat superior</u>, as each defendant

25   is only liable for his or her own misconduct.  <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1948-49 (2009);

26   <u>Ewing v. City of Stockton</u>, 588 F.3d 1218, 1235 (9th Cir. 2009).  A supervisor may be held liable

27   only if he or she "participated in or directed the violations, or knew of the violations and failed to

28   act to prevent them." <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989); <u>accord</u> <u>Starr v. Baca</u>, 633

3

F.3d 1191, 1197 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Under section 1983, Plaintiff must demonstrate that each named defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). Plaintiff has not alleged facts showing that the Warden participated in or directed constitutional violations, or knew of the violations and failed to act to prevent them. Therefore, Plaintiff fails to state a claim against Warden Lopez, in his personal or supervisory capacity.

### B.     Due Process

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish that he has a protected interest. Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).

### *Personal Property – Procedural Due Process*

While an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13, 104 S.Ct. 3194 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36, 102 S.Ct. 1148 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson, 468 U.S. at 533. An authorized deprivation is one carried out pursuant to established government procedures, regulations, or statutes. Logan v. Zimmerman Brush Co., 455 U.S. at 436; Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

"'Ordinarily, due process of law requires [notice and] an opportunity for some kind of hearing prior to the deprivation of a . . . property interest.'" Halverson v. Skagit County, 42 F.3d 1257, 1260 (9th Cir. 1995) (internal quotations and citations omitted). However, when the action

1  complained of is legislative in nature, due process is satisfied when the legislative body performs

2  its responsibilities in the normal manner prescribed by law." Id. "[G]overnmental decisions which

3  affect large areas and are not directed at one or a few individuals do not give rise to the constitutional

4  due process requirements of individual notice and hearing; general notice as provided is sufficient."

5  Id. at 1260-61.

6      Plaintiff alleges that prison officials deducted funds from his prison trust account for the

7  payment of restitution, pursuant to state law, which indicates that the deprivation of property was

8  authorized.   Because the restitution deductions are effected by California Penal Code § 2085.5, a

9  valid act of the California legislature, the legislative process satisfies the requirements of procedural

10  due process.[1]  Plaintiff has not alleged facts demonstrating that prison officials failed to perform their

11  responsibilities in the normal manner prescribed by law.   Therefore, Plaintiff fails to state a

12  procedural due process claim.

13      ***Substantive Due Process***

14      The Due Process Clause of the Fourteenth Amendment also "cover[s] a substantive sphere,

15  'barring certain government actions regardless of the fairness of the procedures used to implement

16  them.'" County of Sacramento v. Lewis, 523 U.S. 833, 840 (1998) (quoting Daniels v. Williams,

17  474 U.S. 327, 331 (1986)).  "'The touchstone of due process is protection of the individual against

18  arbitrary action of government,'" Id. at 845 (quoting Wolff v. McDonnell, 418 U.S. 539, 558

19  (1974)), and the "substantive component of the Due Process Clause is violated by executive action

20  only when it can properly be characterized as arbitrary, or conscience shocking, in a constitutional

21  sense." Id. at 847 (quoting Collins v. Harker Heights, 503 U.S. 115, 128 (1992)). "[T]he due

22  process guarantee does not entail a body of constitutional law imposing liability whenever someone

23

24  [1]Plaintiff does not challenge the validity of California Penal Code § 2085.5(c) which provides, "In any case in which a prisoner owes a restitution order imposed pursuant to subdivision (c) of Section 13967 of the Government

25  Code, as operative prior to September 28, 1994, ... the Secretary of the Department of Corrections and Rehabilitation shall deduct a minimum of 20 percent or the balance owing on the order amount, whichever is less, up to a maximum

26  of 50 percent from the wages and trust account deposits of a prisoner, unless prohibited by federal law. The secretary shall transfer that amount to the California Victim Compensation and Government Claims Board for direct payment

27  to the victim, or payment shall be made to the Restitution Fund to the extent that the victim has received assistance pursuant to that program." Pen. Code, § 2085.5(c).

28

1  cloaked with state authority causes harm." Id. at 848. "[T]he Constitution does not guarantee due
2  care on the part of state officials; liability for negligently inflicted harm is categorically beneath the
3  threshold of constitutional due process." Id. at 849.

4  Plaintiff has not alleged any facts that link the named defendant, or any prison official, to
5  conduct that can be characterized as conscience shocking. Therefore, the Court finds that Plaintiff's
6  allegations fail to give rise to a claim for relief under section 1983 for violation of substantive due
7  process.

8  **C.   State Law Claims**

9  Plaintiff challenges the manner in which the CDCR is collecting funds for restitution
10  pursuant to state law. Plaintiff requests the court to determine whether the prison is authorized under
11  state law to deduct funds from his trust account, without evidence that any victims of his crime have
12  sought or received any compensation from the VCGCB.

13  The violation of state regulations, rules and policies of the CDCR, or other state law is not
14  sufficient to state a claim for relief under § 1983.[2] To state a claim under § 1983, there must be a
15  deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976).
16  Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first
17  have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. By this order, the Court
18  finds that Plaintiff has not stated any cognizable claims in the Complaint for relief under federal law.
19  Therefore, the court lacks jurisdiction to make the determination Plaintiff requests.

20  **V.   CONCLUSION**

21  The Court finds that Plaintiff's Complaint fails to state any claims upon which relief can be
22  granted under § 1983. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend
23  'shall be freely given when justice so requires.'" However, the Court finds that the deficiencies
24  outlined above are not capable of being cured by amendment, and therefore further leave to amend

25

26  [2]The Court also notes that the validity of the restitution aspect of Plaintiff's conviction is not cognizable by
27  way of a petition for writ of habeas corpus under 28 U.S.C. § 2254, since it does not affect the fact or duration of his
sentence. See Calderon v. Ashmus, 523 U.S. 740, 747 (1998) (limiting § 2254 habeas to challenges to fact or
duration of custody); United States v. Thiele, 314 F.3d 399, 400 (9th Cir. 2002) (finding challenge to restitution fine
28  not cognizable on habeas).

1   should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir.

2   2000).

3          Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

4       1.    Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is DISMISSED,

5             with prejudice, based on Plaintiff's failure to state a claim upon which relief may be

6             granted under § 1983;

7       2.    This dismissal is subject to the "three-strikes" provision set forth  in 28 U.S.C. §

8             1915(g).  <u>Silva v. Vittorio</u>, 658 F.3d 1090, 1098 (9th Cir. 2011); and

9       3.    The Clerk is directed to close this case.

10

11     IT IS SO ORDERED.

12   **Dated:**  **February 19, 2013**          **/s/ Gary S. Austin**

13                                         UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28